IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| OPTUMRX, INC., UNITED HEALTHCARE SERVICES, INC., UMR, INC., UNITEDHEALTHCARE INSURANCE COMPANY, UNITED HEALTHCARE PLAN OF THE RIVER VALLEY, INC., and GOLDEN RULE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>DOUG OMMEN, in his official capacity as Iowa Commissioner of Insurance,<br><br>Defendant. | Case No. 4:25-cv-00452-SMR-HCA<br><br>ORDER ON STIPULATED PRELIMINARY INJUNCTION |

Plaintiffs OptumRx, Inc., United HealthCare Services, Inc., UMR, Inc., UnitedHealthcare Insurance Company, UnitedHealthcare Plan of the River Valley, Inc., Golden Rule Insurance Company, and their subsidiaries and affiliates (together, "Plaintiffs") and Defendant Doug Ommen, in his official capacity as Iowa Commissioner of Insurance have filed a Joint Stipulation for a Preliminary Injunction in this action providing for the Court's entry of a preliminary injunction under substantially similar terms as in the Court's preliminary injunction in *Iowa Ass'n of Bus. & Indus. v. Ommen* ("*ABI*"), 799 F. Supp. 3d 795 (S.D. Iowa 2025), pending disposition of the appeal and cross-appeal in that case. The motion is GRANTED. [ECF No. 13].

In light of Plaintiffs' filing of the Complaint in this action and the parties' Joint Stipulation, IT IS ORDERED as follows:

1. Defendant, his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this injunction by personal service or otherwise, are enjoined from:

    A. enforcing the sections of Senate File 383 enjoined as preempted by ERISA, violative of the First Amendment, or inseverable from the sections enjoined as preempted by ERISA or violative of the First Amendment, as detailed in paragraphs 2, 3, and 4 below, as to or against Plaintiffs with respect to ERISA-governed plans that Plaintiffs insure or administer for entities who are not parties to *ABI* and those entities and individuals with whom Plaintiffs contract, who assist Plaintiffs, who are Plaintiffs' agents, or for whom Plaintiffs are agents or otherwise act on behalf of with respect to ERISA-governed plans that Plaintiffs insure or administer for entities who are not parties to *ABI*; and

    B. enforcing the sections of Senate File 383 enjoined as violative of the First Amendment or as not severable from those sections enjoined as violative of the First Amendment, as detailed in paragraphs 3 and 4B below, as to or against Plaintiffs with respect to the plans and policies not governed by ERISA that Plaintiffs insure or administer for entities and individuals who are not parties to *ABI* and those entities and individuals with whom Plaintiffs contract, who assist Plaintiffs, who are Plaintiffs' agents, and for whom Plaintiffs are agents or otherwise act on behalf of with respect to the plans and policies not governed by ERISA that Plaintiffs insure or administer for entities and individuals who are not parties to *ABI*.

In light of the provisions of Iowa Code Chapters 510, 510B, 510C, 507B, 508, 514, 505.8, 513A and 521A that remain enforceable under the *ABI* preliminary injunction, this Stipulation (unless otherwise modified by the Court) does not limit Defendant's authority to conduct any examination, audit, or inspection of any and all records, data, or information in the possession of Plaintiffs or any entities with whom they contract, including but not limited to all licensed third-party administrators and pharmacy benefit managers, so long as Defendant's action is unrelated to enforcement of any of the provisions enjoined as detailed in paragraphs 2, 3, and 4 below.

2. The following provisions are enjoined as preempted by ERISA:

    A. Iowa Code § 510B.4(4) (anti-discrimination requirements);
    B. Iowa Code § 510B.4B(1)(b), (2)(a) (any-willing-provider standards);
    C. Iowa Code § 510B.4B(1)(d) (open-access standard for specialty drugs);
    D. Iowa Code §§ 510B.4B(1)(f) and 510B.8(3) (mail-order pharmacy and cost-sharing provisions);
    E. Iowa Code § 510B.8(6) (deductible credit requirements);
    F. Iowa Code § 510B.8D(1)–(2) (mandatory contract terms and supersession provisions); and
    G. Iowa Code § 510B.4B(4) (general enforcement provision).

3. The following provisions are enjoined as violative of the First Amendment:

    A. Iowa Code § 510B.4(4) (anti-referral provision); and
    B. Iowa Code § 510B.4B(2)(a) (compelled disclosure requirements).

4. The following provisions are enjoined as inseverable from the foregoing invalid provisions:

    A. Iowa Code § 510B.8D(2) (supersession over contrary contract terms); and

    B. Iowa Code § 510B.8B(3) (dispensing fee provision that cannot survive without the anti-discrimination framework).

5. The preliminary injunction shall remain in effect pending final resolution of this matter or further order of the Court.

6. Within 48 hours of entry of this Stipulation as an order of the Court, Plaintiffs shall, under seal:

    A. provide the Court with a list of all contractors and agents currently utilized by Plaintiffs to insure or administer benefits covered by this Stipulation; and
    B. provide the Court with a list of the plans for whom Plaintiffs insure or administer the benefits covered by this Stipulation, noting which are ERISA-governed and which are not. Plaintiffs shall further provide the Court with any changes to such list on a monthly basis while this preliminary injunction remains in effect.

7. No injunction bond is required under Federal Rule of Civil Procedure 65(c).

8. No party to this action or subject to this preliminary injunction will be deemed to have waived or compromised any claim or defense by stipulating to this preliminary injunction.

9. Any party may seek modification, expansion, or dissolution of this preliminary injunction based on the ultimate result on appeal in *ABI* or other changed circumstances.

IT IS SO ORDERED.

Dated this 6th day of January, 2026.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT